Vol. 111]    SEPTEMBER TERM, 1901.    **759**

Humboldt Bldg. Ass'n. v. Ducker's Exr., &c.

Case 84—Action on a Bond—Oct. 17.

# Humboldt Bldg. Ass'n. v. Ducker's Exr., &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

Judgment for Defendants and Plaintiff Appeals. Reversed.

Attorney and Client—Liability of Attorney for Negligence.

Held: 1. A bond executed by an attorney employed by a corporation, undertaking that he would faithfully perform his duties, added nothing to the liability imposed upon the attorney by law.

2. An attorney is liable to his client for the want of such skill, care and diligence as men of the legal profession commonly possess and exercise in like matters of professional employment; and where he has used ordinary care in acquainting himself with the facts, his mistakes of judgment as to the law thereon will not generally render him liable.

3. Where an attorney employed by a corporation to examine titles upon which loans were to be made approved a title without reporting certain liens held by subcontractors by virtue of a local statute, the fact that it was a doubtful, legal question whether or not the statute had been repealed, and that the failure to report the liens was due to an honest mistake of judgment, was matter of defense, and it was therefore error to sustain a demurrer to a petition to enforce the attorney's liability for the loss sustained, alleging that the attorney might have known of the existence of the liens by the exercise of ordinary care.

C. J. & W. W. HELM, attorneys for appellant.

## QUESTION DISCUSSED AND AUTHORITIES.

Liability of an attorney-at-law for alleged negligence in loaning money for client.

The case is presented by a demurrer to a petition as amended which was sustained.

### CASES CITED.

Savings Bank v. Ward, 100 U. S., 195; Gilman v. Hovey, 26 Mo., 280; Gambert v. Hart, 44 Cal. R., 542; Watson v. Calvert Building Ass'n., 91 Md., 25; Malone, et al. v. Gerth 100 Wis., 166; O'Barr v. Alexander & Trammell, 37 Ga., 195; Stevens v. Walker & Dexler, 55 Ill., 151.

760          KENTUCKY REPORTS.      · [Vol. 111

Humboldt Bldg. Ass'n. v. Ducker's Exr., &c.

WRIGHT & ANDERSON, for appellees.

This action seeks to charge the defendants upon a bond given by John S. Ducker, now deceased, conditioned upon the faithful performance by him of his duties as the attorney of the plaintiff for the State of Kentucky.

Ducker owed the plaintiff no natural duty and whatever duty he did owe must necessarily grow out of contract.

The complaint is: "That John S. Ducker, on the order of H. M., paid a certain sum of money to one O. B., whom the said Ducker at the time knew to be a contractor erecting a building upon said lots." "That said Ducker negligently and carelessly failed to either report the fact of the liens of the said subcontractors or that, under the laws, the said subcontractors had liens superior to the plaintiff or to have said liens waived or released in favor of the plaintiff to the extent of its said mortgage, and thereby plaintiff sustained a loss." "That had said Ducker so informed plaintiff, it would not have made said loan, and plaintiff charges that the failure of said Ducker to so inform plaintiff, he did not well and faithfully perform all his duties as attorney for plaintiff."

We understand this to mean that the mistake made by Ducker was in paying the money to O. B., instead of to the subcontractors. This mistake arose from an erroneous construction of the statute relating to mechanics' liens, and we contend that Mr. Ducker is not liable for such a mistake.

That is, we contend that where an attorney makes an honest investigation of a statute and gives an honest opinion on it, he is not liable to his client for his mistaken opinion or judgment, and that is all there is in this case.

## AUTHORITIES CITED.

Pell v. Yalden, 4 Burr., 2060; Morrill v. Graham, 27 Texas, 646; Watson v. Muirhead, 57 Pa. St., 161; Sellers v. Burk, 11 Wright, 344; Bowman v. Tallman, 27 How. Pr., 274; Purvis v. Landell, 12 Cl. & Fin., 91; Cit. Loan Fund & Sav. Ass'n. v. Friedley, 123 Ind., 143; (7 L. R. A., 669) and (18 Am. Dec., 320), Waugh v. Shunk, 20 Pa. St., 130; U. S. Mortgage Co. v. Henderson, 111 Ind., 24-34; Hillegrass v. Bender, 78 Ind., 225; Pennington v. Yall, 11 Ark., 212; (57 Am. Dec., 262), Goodman v. Walker, 30 Ala., 842; (68 Am. Dec., 134) Weeks on Attorneys, sec 284, 289; Fenaille v. Condert, 44 N. J. L., 286; Gambert v. Hart, 44 Cal., 542; Godefroy v. Dalton, 6 Bing., 460; Chitty on Contracts, 817; Dearborn v. Dearborn, 15 Mass., 316; Marsh v. Whitmore, 21 Wall, 178; Kemp v. Burt, 4 Bam.

Vol. 111]     SEPTEMBER TERM, 1901.        761

Humboldt Bldg. Ass'n. v. Ducker's Exr., &c.

& Adol., 424; Leary v. Sheafer, 79 Ind., 567; Dodge v. Kinzy, 101 Ind., 102; Babbit v. Bumpus, 73 Mich., 331; (16 Am. St. Rep., 585), Anderson's Admr. v. Conklin, 11 Ky. Law Rep., 183.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

John S. Ducker, who was an attorney at law of the Campbell county, Ky., bar was employed in 1889 by appellant as its attorney for the State of Kentucky. At the time of the employment he executed to appellant a bond, the material provisions of which, are as follows: "The condition of the above obligation is such that whereas, the said John S. Ducker has been duly appointed as attorney for the State of Kentucky of the said Humboldt Building Association Company: Now, if the said John S. Ducker shall well and faithfully perform all his duties as said attorney for the State of Kentucky of the said Humboldt Building Association Company during his continuance in said office, then this obligation shall be void; otherwise it shall be and remain in full force and effect." It is alleged in the petition that the duties of the attorney were that he would examine all titles submitted to him by the company upon which loans were sought; would prepare all mortgages and other papers necessary in making loans of money for the plaintiff, and would see that all liens upon the property mortgaged to secure the same were properly released; would lodge all papers for record which was necessary to be so lodged to secure the loans made; would receive from the plaintiff the money to be loaned, and turn the same over to the person to whom the loan was made, but only after he had taken all and every step necessary to be taken to secure to the plaintiff the first lien upon the property taken as a security for the loan. During the continuance of the relationship stated, appellant made a loan to Helen Morrison of $5,000 on

762        KENTUCKY REPORTS.        [Vol. 111

Humboldt Bldg. Ass'n. v. Ducker's Exr., &c.

certain lots in Kenton county, Ky., and submitted the title
to Ducker for examination. He did examine and approve
it, stating that the deed to Mrs. Morrison reserved a lien
for $1,200, but which was to be released so far as its
priority over the building company's loan was concerned.
Thereafter the money was turned over to Ducker in two
installments, which he paid out to the principal contract-
ors building the houses on the lots. At that time there
was a local statute in force applicable to Kenton and
Campbell counties (1 Acts 1889-90, p. 130), providing for
liens on behalf of material men and subcontractors. This
act was an amendment to the General Statutes on this
subject. The petition alleges that Ducker actually knew
of the contract with the original contractors, and that
he knew of the fact that certain named subcontractors and
material men had liens on the property, or that "by or-
dinary diligence he might have known of the same." How-
ever, without requiring the subcontractors to waive their
liens, he paid the money, as stated, to the principal con-
tractor. The subcontractors filed their liens, and suits
to enforce them ensued, resulting in a loss to the building
association of some $2,800; the property lacking that much
in value under the foreclosure proceedings to pay both the
claims and appellant's mortgage. Appellant brought this
suit against Ducker's executrix and the sureties on the
bond mentioned to recover the loss stated, on the ground
that Ducker had, by his negligence or incompetency,—that
is, by his lack of care or lack of skill,—occasioned the
loss. The lower court sustained a demurrer to the pe-
tition, and that action is before us for review.

The execution of the bond sued on added nothing to
the attorney's liability or undertaking to the obligee. It
merely secured his faithful performance of such duty as

was imposed on him by accepting the employment. It is not argued that he became a guarantor of the titles passed upon by him. He did not. Many interesting cases have been cited by counsel, and examined with care. From them we feel authorized in stating that, while the rule in England seems to have been that an attorney is liable to his client only in case of gross neglect or gross incompetence, yet in this country a juster rule for the client, and one which the profession can not reasonably find fault with, is that the attorney is liable for the want of such skill, care, and diligence as men of the legal profession commonly possess and exercise in such matters of professional employment. Bank v. Ward, 100 U. S., 195-199, 25 L. Ed., 621. When one seeks and obtains admission to that profession dealing with so many important and involved affairs of men, and holds out his services to be engaged by those standing in need of such, he engages that he possesses to an ordinary extent the technical knowledge commonly possessed by those in the profession, and that he will give to the matters submitted to him such care and attention as is ordinarily given similar affairs by men of this profession. He does not agree, in the absence of special contract to that effect, that he will make no mistake of judgment. On the contrary, the law recognizes, in fixing this liability of the attorney, that human judgment is fallible. Courts, as well as lawyers, do disagree concerning the many matters about which each one may have a fairly fixed opinion. The law is a science, it is true, but an imperfect one, for the reason that it depends for exemplification and enforcement upon the imperfect judgments and consciences of men. Therefore when the attorney has used ordinary care in acquainting himself with the facts, his misjudgment as to the law thereon will not generally render him liable. As was said in O'Barr v. Alexander, 37 Ga., 201: "What

may be want of skill in any particular case, or what may be ordinary neglect, must be decided by the facts and circumstances of the case that may be under consideration. It is extremely difficult, if not utterly impossible, to lay down any general rule which should control the measure of liability in all cases. Good faith must exist on the part of the attorney towards his client, and, when this is shown, the absence or presence of reasonable skill and diligence in each case be determined by its own facts."

It is stated in argument that the local act in this case was invoked at a time when the bar of Kenton and Campbell counties were in great doubt whether it had been repealed by the new Constitution, which had but lately been adopted in this State; and that the attorney exercised his judgment, now seen to have been erroneously, but honestly. That, however, is a matter of defense. Whether this question raised actually existed in the minds of the profession then is one of fact. If it did, and the attorney honestly believed that the subcontractors had no lien because of that fact, then the jury may be warranted in finding for the defendants. But if the attorney was ignorant of the existence of the statute, or had forgotten is at the time of this transaction, or if, knowing of it, he carelessly failed to acquaint himself with the facts as to the subcontractors' claim for liens till after he had paid out appellant's money, we are of opinion that he would be liable. However, the existence or non-existence of these actionable facts, as well as of those constituting the defense, are such as properly should be found by a jury under appropriate instructions, or by the trial court if a jury is not demanded.

Judgment reversed, and cause remanded, with directions to overrule the demurrer, and for proceedings not inconsistent herewith.