**Walter HAMMERSHOY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1966.

Walter Hammershoy, pro se.

Robert Matthews, Atty. Gen., Joseph Eckert, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Appellant, Walter Hammershoy, was convicted of armed robbery (KRS 433.140) and sentenced to life imprisonment by a judgment of the Pike Circuit Court entered on March 11, 1965. An indigent, he was represented at the trial by court-appointed counsel. On the day the judgment was entered his counsel filed a notice of appeal (RCr 12.52) in his behalf and appellant himself, pro se, moved the court to designate an attorney to prosecute the appeal. The motion was supported by an appropriate affidavit and recited the following circumstances:

> "His attorney assigned by the Court has advised him that his appointment by this Court initially extends through trial and the preliminary steps to perfecting an appeal. He is unable, at this time, to employ counsel."

The record does not contain a copy of any order responsive to the motion.

On September 7, 1965, now a prisoner in the penitentiary at Eddyville and again acting pro se and in forma pauperis, appellant filed in the Pike Circuit Court an RCr

11.42 motion to vacate the sentence, in which he set forth certain substantive grounds of error and alleged that he had been deprived of an appeal because his court-appointed counsel failed to perfect it after agreeing to do so. The instant appeal is taken from an order overruling the motion without a hearing.

The order overruling the motion recites the following information which is not otherwise shown on the face of the record [1]:

"The movant had an attorney considered one of the best with knowledge to Criminal Law and well represented the defendant. The court after the trial entered an order reappointing the same attorney along with another competent attorney to investigate the defendants rights and for the purpose of appeal *if they felt an Appeal would be feasable* [sic]. In view of the foregoing it is ordered that the movant's motion to vacate judgment be, and the same is hereby overruled." (Emphasis added.)

■ If we are correct in our interpretation of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed. 2d 892 (1963), the right of an indigent defendant in a criminal case to the assistance of counsel on appeal, secured by the Fourteenth Amendment, cannot be subjected to a determination by either a court or state-provided counsel that the grounds for appeal are meritorious, or "feasible."

It was remarked in McIntosh v. Commonwealth, Ky., 368 S.W.2d 331, 335 (1963),

that an attack on the trial judgment is not the appropriate remedy for a frustrated right of appeal. However, Lane v. Brown, supra, indicates that it is,[2] subject to the condition that such relief may be denied if within a reasonable time the state provides the movant an appeal on the merits, including assistance of counsel. See, for example, Cruz v. People, Colo., 405 P.2d 213 (1965).

■ "When counsel is appointed to represent an indigent in this jurisdiction he is to assist him throughout the proceeding, unless and until otherwise directed by an order of the court before which the cause is pending at the time of the latter order." Maye v. Commonwealth, Ky., 386 S.W.2d 731, 733 (1965). This includes the duty to assist him on appeal if he so requests. We recognize that it is an onerous obligation, but our profession is saddled with it nevertheless.

■ The appellant demanded the assistance of counsel on appeal and was denied it. He was indigent. He must therefore be provided with a review of his conviction with the help of counsel or the conviction must be vacated. The trial court shall have 30 days following issuance of the mandate in this proceeding in which to appoint counsel or vacate the conviction and sentence. Time for filing the record on appeal as prescribed by RCr 12.58 shall run from the date of the appointment of counsel.

The cause is reversed for further proceedings consistent with this opinion.

MONTGOMERY, J., dissents.

1. See Jones v. Commonwealth, Ky., 388 S.W.2d 601 (1965), suggesting the impropriety of supplementing the record in this *ex parte* fashion.

2. Lane v. Brown was a habeas corpus proceeding, whereas this case arises on a motion to vacate, but the principle is the same.