**Kenneth Lee BENOIT, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 6, 1966.

Kenneth Lee Benoit, pro se.

Robert Matthews, Atty. Gen., Lloyd R. Cress, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

This appeal from a judgment overruling without a hearing appellant's motion to vacate judgment, on a charge of armed robbery under which he was given a life sentence, raises the following six points: (1) That the trial court failed to instruct on the whole law of the case; (2) that the

indictment charged three separate offenses, and that he was being tried on only one, thus constituting the introduction of incompetent evidence; (3) that he was denied a preliminary hearing; (4) that he was denied the effective assistance of counsel at his trial; (5) that he was denied an appeal; and (6) that he was denied the effective assistance of counsel on appeal.

■ Grounds one and two are not available to appellant in a RCr 11.42 proceeding. Cf. King v. Commonwealth, Ky., 387 S.W. 2d 582.

■ Ground three contends in one breath he was denied a "preliminary hearing" and in the next breath points out he was injured and unable to attend a hearing. Furthermore, he does not show any prejudice as a result of the failure to conduct a preliminary hearing. Ground three was not sufficient to justify a hearing. Cf. Carson v. Commonwealth, Ky., 382 S.W.2d 85 (1964); and Yates v. Commonwealth, Ky., 386 S.W. 2d 450 (1965).

■ Ground four charges his court-appointed counsel failed to represent him effectively at the trial in these words: "He did not preserve the record by filing a written motion for a new trial and thereby make known to the court his objections to the substantial errors, and secondly, his oral motion for a new trial appears to have been made only as a protective measure as to his position."

In Ringo v. Commonwealth, Ky., 391 S.W. 2d 392 (1965) this court outlined the precision with which a RCr 11.42 petitioner must allege the charge of ineffectiveness of counsel, which is as follows:

"* * * a general allegation of incompetent representation is not enough to justify a hearing. Before directing a hearing the trial court is entitled to know exactly in what respects the prisoner claims counsel failed to give him effective assistance, so that it can be determined from the face of the motion whether the facts intended to be proved amount to a constitutional violation."

Appellant's motion does not measure up to the requirements of Ringo, supra, or Rice v. Davis, Ky., 366 S.W.2d 153 (1963). Ground four does not justify a hearing.

Grounds five and six raise serious constitutional violations. They contend he was denied the right to appeal and was thereby denied the effective assistance of counsel on appeal. He charges his attorney filed notice of appeal on October 30, 1964, and one hundred and twenty-four days later advised appellant the appeal would, in his judgment, be fruitless. Appellant nowhere alleges he asked his counsel to prosecute an appeal.

In Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883 (1966), it was decided the failure of court-appointed counsel to prosecute an appeal to the Court of Appeals from his client's judgment of conviction, "after being requested to do so," justified relief under RCr 11.42. Prior to Hammershoy, supra, this court held that a direct attack on the judgment of conviction could not be based upon counsel's failure to prosecute an appeal. Cf. McIntosh v. Commonwealth, Ky., 368 S.W.2d 331 (1963); and Jones v. Commonwealth, Ky., 388 S.W.2d 601 (1965). The appellee herein makes a forceful and persuasive argument that the opinion in Hammershoy, supra, contains an "unwarranted extension" of the rights of the criminal-defendant and should be re-examined. It is unnecessary to re-examine Hammershoy in the present case for it was held in Hammershoy that a request for an appeal was necessary. In McIntosh, supra, this court said:

" 'Equal protection' gives to the indigent defendant a right to counsel and to a transcript of the record on appeal *if he requests it*. In the absence of such a request it does not, in our opinion, oblige the court either to initiate an inquiry or to extend an invitation to appeal." (Emphasis added.)

Appellant's motion to vacate, not having shown a request that his court-appointed counsel proceed with his appeal, was insufficient to justify a hearing. The judgment is affirmed.