**Billy VICE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1970.

Lewis A. White, White & Peck, Mt. Sterling, for appellant.

John Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Billy Vice, languishing in the penitentiary under a life sentence for armed robbery imposed in 1966, filed a motion under RCr 11.42 to vacate the judgment. One of the grounds was that appointed counsel *refused* to take an appeal from the 1966 judgment of conviction. (This, if true, would be a ground for granting a belated appeal, rather than setting aside the judgment. Hammershoy v. Commonwealth, Ky., 398 S.W. 2d 883.) The circuit court granted Vice an evidentiary hearing on the ground above mentioned, but not on the other grounds set forth in the motion, the latter ones being held insufficient on their face to entitle Vice to any relief. After the completion of the hearing the court overruled the motion in toto, based on a finding of fact that

Vice's counsel had not refused to take an appeal from the 1966 judgment. Vice has taken the instant appeal from that order, and is represented by *employed* counsel (who also represented him on the evidentiary hearing). The only issue is whether the circuit court incorrectly held that Vice had not been denied his right of appeal from the 1966 judgment.

Vice testified at the evidentiary hearing that, immediately after the verdict came in at the 1966 trial, he asked his appointed counsel to take an appeal but counsel refused, saying, "You have wasted enough of my time." Counsel, in his testimony at the hearing, denied this and said that he discussed the matter of taking an appeal with Vice and his mother several times, he offered to take an appeal if Vice so desired, but he told Vice that in his opinion an appeal would be useless because there were no grounds on which an appeal could be successful. The circuit court found as a fact that Vice had not requested his counsel to take an appeal, wherefore there was no refusal or denial of the right to appeal.

In Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883, we recognized that under the holdings in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, the right of an indigent defendant in a criminal case to the assistance of counsel on appeal "cannot be subjected to a determination by * * * state-provided counsel that the grounds for appeal are meritorious * * *." This means of course that the defendant cannot be *refused* or *denied* an appeal simply on the basis of his appointed counsel's determination that there are no meritorious grounds for an appeal. It does not mean that the defendant, in reaching *his choice* of whether or not to take an appeal, cannot be advised by his appointed counsel concerning the prospects of success of such an appeal. As said in Hammershoy, the duty of counsel is to assist the defendant on appeal *"if he so requests"* (our emphasis).

Vice does not contend that he was not aware of his right to an appeal with assistance of counsel, so there is no problem of the kind that was sought to be remedied by the 1967 amendment to RCr 11.02, which requires the trial court, in specified circumstances, to advise the defendant of his right to appeal and to have the assistance of counsel to perfect and prosecute the appeal.

Vice's counsel on the instant appeal argues in substance that when an appointed counsel uses his persuasive powers on an inexperienced, semi-literate youth of 19 (as was Vice) at a time when the latter is undergoing the shock of having received a verdict imposing a life sentence, to convince the defendant that he should not take an appeal, the practical effect is that the defendant is deprived of a free, intelligent choice of whether or not to take an appeal. We think a sufficient answer is that in the instant case the testimony of the appointed counsel, which the circuit court found to be true, clearly established that Vice was given a full, fair explanation of his right to appeal, and a full opportunity to avail himself of counsel's offer to take the appeal.

The order is affirmed.

All concur.