**David Paul ADAMS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 18, 1977.

Rehearing Denied June 3, 1977.

David E. Murrell, Deputy Public Defender, Frankfort, for appellant.

Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, GANT and HOGGE, JJ.

HOWERTON, Judge:

This is an appeal from an Order of the Fayette Circuit Court overruling Appellant's 11.42 motion for a belated appeal. The essential facts are as follows:

David Paul Adams was found guilty of second-degree assault by a jury in the Fayette Circuit Court, and a penalty of five years imprisonment was fixed. The trial court conducted a sentencing hearing on December 1, 1975. At the hearing, the court complied with RCr 11.02, and informed the Appellant that he had a right to appeal with the assistance of counsel; that if he were financially unable to afford an appeal, a record would be prepared at public expense, and counsel would be appointed to represent him; that the appeal must be taken within ten (10) days of the date of judgment; and that the clerk of the court would prepare and file a Notice of Appeal in his behalf within that time if he so requested.

Appellant was represented by a public defender during the trial and sentencing proceedings. The trial was concluded on November 6, 1975. Immediately after the trial Appellant told his counsel that he wanted an appeal. Between the time of the trial and the formal sentencing, the trial counsel conferred with the Appellant in jail, and with Appellant's family and girlfriend on numerous occasions before and after sentencing. The counsel informed Appellant and the others of the right to an appeal and the procedure for an appeal, but that he would not institute or perfect an appeal because he found it to be completely groundless and frivolous.

Appellant took no action to appeal the conviction and made no request of the court or the court clerk, as he was instructed he might do. He was duly transported to prison and on April 20, 1976 filed his motion for a belated appeal. An evidentiary hearing was conducted in the Fayette Circuit Court on April 30, 1976 with Appellant being present and represented by another public defender.

The Appellant alleged that he had been denied equal protection of the law and the right to effective counsel when his public defender trial attorney refused to file a Notice of Appeal when he advised his counsel that he wanted to appeal. The Appellant's trial counsel testified at the hearing, but the Appellant offered no additional proof except to file a copy of Title 504 of the Kentucky Administrative Regulations relating to the Office of Public Defender. Appellant's failure to testify left all other proof uncontested and it left unanswered the question of whether or not the Appellant understood his rights and the information which was given to him.

504 KAR 1:010(1) provides:

In all felony convictions where the defending attorney is operating under any public defender plan authorized by KRS Chapter 31, the client shall be entitled to have the defending attorney take an appeal on his behalf to the Kentucky Court of Appeals unless the client makes a statement in writing to the court and to the defending attorney that he desires not to have an appeal and that he understands that if he wishes to have an appeal he could have one free of charge.

Clearly, the trial counsel failed to follow the rules of the public defender office, but this court is concerned with justice and what is required by the United States and Kentucky Constitutions and statutes to constitute equal protection of the laws and effective counsel. The regulations and procedures adopted by the Public Defender Office may indicate desirable practice, but they are not binding on this court in deciding this controversy.

 The Appellant relies on *Hammershoy v. Commonwealth*, Ky., 398 S.W.2d 883 (1966) and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) for the proposition that Appellant's *trial counsel* (emphasis ours) had a duty to take an appeal, and that failure to do so denied Appellant the right to effective counsel. We will wait for another case or another court to resolve all of the issues and problems arising from that proposal, however, because we conclude that the real issue on the appeal is as stated by the Appellee. The Appellee stated the question on appeal as follows:

> Is the indigent defendant deprived of equal protection of the law and his right to counsel when his appointed trial counsel refuses to take an appeal and the indigent defendant makes no effort to have a timely Notice of Appeal filed despite the fact that he is aware of his right and the procedure to have a timely Notice of Appeal filed for him by the Clerk of the Circuit Court?

The cases cited by the Appellant do not hold that a criminal defendant may sit idly by without taking any steps whatsoever after he has been informed of his rights regarding an appeal. Appellant was never foreclosed from an appeal or from the assistance of counsel because of his poverty. He was advised of his rights by the court and by his counsel. He had the opportunity to inform the court of his desire or to request the clerk to prepare and file a Notice of Appeal. He failed to do either. Appellant has since been granted a hearing with new counsel, and he has again sat idly by without so much as attempting to deny

that he understood any of the information given to him or to explain why he did nothing. The record echoes with Appellant's silence, and we must conclude that he has waived his right to an appeal. The trial court, at the evidentiary hearing, concluded that he had waived his right, and there is ample evidence to support it.

In *Trowel v. Commonwealth,* Ky., 473 S.W.2d 134 (1971) the Supreme Court of Kentucky held that when a defendant represented by a retained counsel is informed of his right to appeal, how to exercise that right, and that his counsel is not going to assist him on appeal, he is precluded from post-conviction relief on the ground that he had ineffective counsel. To apply a different rule which would require no affirmative action by an indigent defendant after an 11.02 instruction by a court would give the indigent defendant not only equal protection, but superior protection because of his poverty, which is not required.

Justice is not denied by requiring an indigent defendant to bestir himself to some extent to protect his rights and remedies. It is not a denial of equal protection of the law because of his poverty. Effective counsel has a duty to protect his client's rights, but this can be accomplished prior to the commencement of the appeal by informing the client as to how to proceed. Appellant was advised by both his counsel and the court and he did nothing. He has waived his right to an appeal.

For the reasons stated herein, the judgment of the circuit court overruling Appellant's Motion for a Belated Appeal is affirmed.

All concur.