Curtis BLANKENSHIP, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Aug. 19, 1977.

Thomas R. Lewis, Asst. Public Defender, Jack E. Farley, Public Defender, Frankfort, for appellant.

David M. Whalin, Asst. Atty. Gen., Robert F. Stephens, Atty. Gen., Carl T. Miller Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before HOGGE, PARK and WINTERSHEIMER, JJ.

PARK, Judge.

The appellant, Curtis Blankenship, received a sentence of ten years for robbery by a judgment of the Pike Circuit Court entered May 16, 1975. A timely notice of appeal was filed on behalf of Blankenship, but his appeal was dismissed because the record on appeal was not filed timely as required by RCr 12.58. Blankenship now challenges his judgment of conviction by a motion under RCr 11.42. Blankenship claims that he was denied effective assistance of counsel because of his trial counsel's failure (1) to perfect his original appeal and (2) to raise the issue of his competency to stand trial. Blankenship appeals from an order of the Pike Circuit Court overruling the motion to vacate judgment pursuant to RCr 11.42.

## FAILURE TO PERFECT ORIGINAL APPEAL

Blankenship was represented by a court appointed attorney operating under the public defender plan established by Chapter 31 of the Kentucky Revised Statutes. Fol-

lowing the conviction, Blankenship requested that an appeal be taken on his behalf. At the hearing on the motion to vacate judgment, his trial attorney testified:

"Curtis and I discussed the matter of appeal and I informed him of his appellant rights. He expressed a desire to so appeal. I filed a notice of appeal. I filed a motion to allow him to proceed on appeal in forma pauperis and asked the clerk to prepare the record. There evidently was a misunderstanding between myself and the Public Defender Office in Frankfort as to who was to perfect that record on appeal with the Court of Appeals. * * *

"Let me add that the basis of the misunderstanding there was that I was under the impression at the time that the Frankfort office picked up the appeal after I had processed it to that point. We have now agreed on a different method proceeding, but that was the basis of that misunderstanding."

When the trial counsel and the Frankfort office discovered the misunderstanding, efforts were made to salvage the appeal. However, the trial court was of the opinion that it had no jurisdiction to authorize the late filing of the record. The Supreme Court denied a motion to extend the time for filing the record, and the appeal was dismissed.

Under Section 115 of the Kentucky Constitution, every defendant in a criminal case is allowed one appeal as a matter of right. However, Section 115 did not become effective until January 1, 1976. When the judgment sentencing Blankenship was entered on May 16, 1975, there was no constitutional right of appeal in criminal cases. *McIntosh v. Commonwealth*, Ky., 368 S.W.2d 331 at 335 (1963). Although he had no constitutional right of appeal from the judgment of May 16, 1975, Blankenship did have a right of appeal from that judgment under the provisions of KRS 21.140(1). When a statute authorizes an original appeal as a matter of right, the equal protection clause of the fourteenth amendment to the United States Constitution guarantees

that an indigent defendant shall have the assistance of counsel in prosecuting the appeal. *McIntosh v. Commonwealth, supra; Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). When an indigent defendant is unconstitutionally deprived of his statutory right of appeal because of lack of counsel, the defendant is entitled to a belated appeal upon the filing of a motion to vacate judgment under RCr 11.42. *Hammershoy v. Commonwealth*, Ky., 398 S.W.2d 883 (1966); *Stinnett v. Commonwealth*, Ky., 446 S.W.2d 292 (1969); *Tipton v. Commonwealth*, Ky., 456 S.W.2d 681 (1970); *Prater v. Commonwealth*, Ky., 476 S.W.2d 833 (1972).

Even though the attorney general concedes that Blankenship is entitled to a belated appeal under the rule laid down in the *Hammershoy* case, this court must give consideration to the opinion in *Perkins v. Commonwealth*, Ky., 516 S.W.2d 873 (1974), cert. den. 421 U.S. 971, 95 S.Ct. 1967, 44 L.Ed.2d 462. In that case, an indigent defendant's court appointed counsel failed to file a notice of appeal within the ten day period allowed by RCr 12.54. Approximately two months after a motion for a new trial had been overruled, the trial counsel filed a motion in the circuit court asking that the court reinstate the defendant's right of appeal, alleging that the trial attorney had "neglected" to file a notice of appeal "through inadvertence and oversight." In affirming the order of the trial court overruling the motion for a belated appeal, the court relied heavily upon the principle that appellate review in criminal cases was not a constitutional right. In light of the subsequent adoption of Section 115 of the Kentucky Constitution which does guarantee a criminal defendant one appeal as a matter of right, this basis for the *Perkins* decision would not apply to judgments entered after January 1, 1976. Because the judgment sentencing Blankenship was entered prior to the effective date of Section 115, the *Perkins* case is applicable to this appeal.

The opinion in *Perkins* does not indicate that the defendant ever requested that his attorney take an appeal. Almost two

months elapsed before anyone indicated to the trial court that an appeal was being sought. In the present case, Blankenship requested that his case be appealed, and his trial counsel did file a timely notice of appeal. From the record, it is clear that Blankenship did everything within his power to take an appeal. The opinion in the *Perkins* case does not indicate that the defendant did anything to exercise his right of appeal. Compare *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), with *Adams v. Commonwealth*, Ky.App., 551 S.W.2d 249 (1977). However, the question to be decided is not whether *Perkins* can be distinguished on its facts. The important question is the application of the principles of the *Perkins* case to the facts of this case.

In *Perkins*, the public defender argued that an indigent defendant was entitled to "error free representation" by counsel on appeal. The public defender further argued that an indigent would be denied the equal protection of the law if his appeal was dismissed because of the "simple negligence" of his appointed counsel in failing to take a procedural step requisite for an appeal. The court in the *Perkins* case dismissed this argument on the ground that nonindigent and indigent defendants were subject to the same hazard of error by counsel in regard to appellate procedure. That being so, there could be no denial of the equal protection of the law. As the court stated:

> But we find no denial of equal protection in the mere fact that appointed counsel is one who is susceptible to the commission of a procedural error.

Even though the court found that there was no denial of equal protection, the court did state:

> Of course an indigent is entitled to reasonably competent counsel for appeal purposes * * *.

The question in this case is whether Blankenship received "reasonably competent counsel" to assist in his appeal.

█ In determining what constitutes "reasonably competent counsel," reference can be made to the standards applicable to civil actions for malpractice against attorneys. In *Humboldt Building Association v. Ducker's Exr.*, 111 Ky. 759 at 763, 23 Ky.L. Rptr. 1073, 64 S.W. 671 at 672–73 (1901), the court stated:

> * * * while the rule in England seems to have been that an attorney is liable to his client only in case of gross neglect or gross incompetence, yet in this country a juster rule for the client, and one which the profession can not reasonably find fault with, is that the attorney is liable for the want of such skill, care, and diligence as men of the legal profession commonly possess and exercise in such matters of professional employment. *Bank v. Ward*, 100 U.S. 195–199, 25 L.Ed. 621. When one seeks and obtains admission to that profession dealing with so many important and involved affairs of men, and holds out his services to be engaged by those standing in need of such, he engages that he possesses to an ordinary extent the technical knowledge commonly possessed by those in the profession, and that he will give to the matters submitted to him such care and attention as is ordinarily given similar affairs by men of his profession. He does not agree, in the absence of special contract to that effect, that he will make no mistake of judgment. On the contrary, the law recognizes, in fixing this liability of the attorney, that human judgment is fallible. Courts, as well as lawyers, do disagree concerning the many matters about which each one may have a fairly fixed opinion. The law is a science, it is true, but an imperfect one, for the reason that it depends for exemplification and enforcement upon the imperfect judgments and consciences of men. Therefore when the attorney has used ordinary care in acquainting himself with the facts, his misjudgment as to the law thereon will not generally render him liable.

The time requirements of RCr 12.58 for the filing of the record on appeal do not call for the exercise of judgment.

There are cases in which an attorney has been held liable for negligence in failing to take the proper steps to protect his client's right of appeal. See the cases collected in the annotation, 45 A.L.R.2d at 52. In upholding the right of a defendant to a delayed appeal, the Supreme Court of Oregon in *Shipman v. Gladden*, 253 Or. 192, 453 P.2d 921 at 925 (1969), held:

> The failure to perform the simple procedure of timely filing a notice of appeal is not the 'effective' assistance of counsel required by *Powell v. Alabama*, nor the diligent advocacy required by *Anders v. California*. The failure of counsel to timely file a notice of appeal after he has been requested or agreed to do so is incompetence as a matter of law and a denial of due process. This is equally true whether the negligent counsel has been appointed or retained. The 'invidious discrimination' is not between the rich who can hire counsel and the poor for whom counsel must be appointed, but between those who are represented by competent counsel and those whose counsel prove to be grossly incompetent or culpably negligent.

A reasonably competent attorney can comply with the procedural requirements of RCr 12.58. When, without excuse, the attorney fails to comply with RCr 12.58 the defendant has not received the assistance of counsel on appeal required by *Hammershoy v. Commonwealth, supra.*

In holding that Blankenship was denied his right of appeal, this court does not suggest that either trial counsel or appellate counsel are not competent attorneys. Nor does this court attempt to allocate the fault between trial counsel and appellate counsel. Without regard to the question of individual fault, the fact remains that the public defender system itself was guilty of gross neglect in the prosecution of Blankenship's appeal. A firm of reasonably competent attorneys exercising ordinary care would not lose a case between the trial court and the appellate court. The failure to comply with requirements of RCr 12.58 in this case have rendered the process of appellate review of Blankenship's case a farce and a mockery. Therefore, the judgment below must be reversed with directions that Blankenship be granted a belated appeal in accordance with the procedures set forth in the *Hammershoy* case.

This holding does not mean that appellate counsel for criminal defendants are free to ignore the requirements of the rules governing appellate practice. Sanctions exist to enforce compliance with the rules other than a denial of the defendant's right of appeal.

### FAILURE TO RAISE COMPETENCY ISSUE

During the course of interviewing Blankenship, doubt was raised in the mind of trial counsel with respect to Blankenship's competency to stand trial. Trial counsel learned from Blankenship that he had been hospitalized several years previously at Eastern State Hospital in Lexington. He also learned that Blankenship had more recently been under the care of a doctor at the Mountain Medical Health Comprehensive Care Center. The trial counsel wrote to the center requesting an analysis of Blankenship's condition. Although the report from the center was lost by the time of the hearing on the motion to vacate judgment under 11.42, trial counsel testified that there was no information contained in the psychiatric report upon which he could base an issue of insanity or competency to stand trial. As the report refuted the idea that Blankenship was incompetent, the trial counsel did not raise the issue with the trial court.

There is no medical or other expert testimony anywhere in the record that indicates that Blankenship was incompetent to stand trial. Other than Blankenship's own testimony, there was no lay testimony respecting Blankenship's mental condition at the time of trial. During his testimony on the motion pursuant to RCr 11.42, Blankenship demonstrated a clear recollection of the events which transpired prior to and during the trial of his case. In overruling Blankenship's motion to vacate judgment, the

trial court found that Blankenship had failed to establish "the ineffectiveness and incompetence" of trial counsel. The trial court further found that Blankenship was "well represented at the trial of his case." There was no specific finding with respect to Blankenship's competency to stand trial.

 Under RCr 11.42(6) a trial court conducting a hearing to vacate sentence must make findings on all material issues of fact. Such findings are required if there is to be meaningful appellate review. The trial court should have made a specific finding with respect to Blankenship's competency at the time of trial. However, the trial court's failure to do so does not constitute reversible error. There was no specific request by Blankenship for a finding on that issue as required by CR 52.04, which we conclude is applicable to proceedings under RCr 11.42. See, RCr 13.04; *Hord v. Commonwealth*, Ky., 450 S.W.2d 530 (1970). Giving consideration to the record made at the hearing on the motion to vacate, this court concludes that the findings of the trial court with respect to the effectiveness of trial counsel are not clearly erroneous. The trial court did not err in refusing to vacate the judgment because of the failure of trial counsel to raise the question of Blankenship's competency.

## RULING

The judgment of the circuit court is reversed, and the case is remanded to the trial court with the following directions: within thirty days following the issuance of the mandate in this proceeding, the trial court shall appoint counsel to represent Blankenship on appeal; time for filing the record on appeal as required by RCr 12.58 shall run from the date of the appointment of appellate counsel.

All concur.