774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Brenton Preston, Petitioner-Appellant,
v.
Gene Scroggy; Superintendent, Kentucky State Penitentiary,
and Attorney General, State of Kentucky,
Respondents-Appellees.
 No. 85-5389
 United States Court of Appeals, Sixth Circuit.
 9/26/85
 
 1
 E.D.Ky.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: ENGEL and KEITH, Circuit Judges; and WISEMAN, District Judge*.
 
 
 3
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. The appellant has made a motion to dispense with the ordinary briefing schedule. In accord with the motion, the appellant's memorandum submitted therewith and his informal brief are construed as his briefs on appeal. After examination of the record and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 John Brenton Preston is appealing the denial of his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254. The district court accepted the report and recommendation of United States Magistrate Joseph M. Hood in denying the petition. The issue on appeal is whether the appellant properly exhausted state court remedies prior to pursuing the habeas corpus action.
 
 
 5
 The appellant is confined in a Kentucky state prison for committing armed robbery, burglary and possession of contraband. He is serving life, ten years and one year respectively for these crimes. His principal complaint in his habeas petition is that the state improperly revoked his parole. On appeal, he argues that it would be futile at this time to require exhaustion in the Kentucky state courts.
 
 
 6
 A habeas petitioner must exhaust available state judicial remedies with respect to each issue he relies upon in his habeas petition, 28 U.S.C. Sec. 2254(b); exhaustion is viewed in terms of whether the federal claim has been fairly presented to the state courts. Koontz v. Glossa, et al., 731 F.2d 365 (6th Cir. 1984).
 
 
 7
 The appellant had properly challenged the parole revocation in a state habeas corpus action filed in Boyle County, Kentucky Circuit Court. See Davis v. Black, Ky., 518 S.W.2d 338 (1975); Anglian v. Sowders, Ky. App., 566 S.W.2d 789 (1978). That action, however, was dismissed on October 11, 1984. The appellant did not appeal that dismissal. He states that an attempt to appeal that decision at this time would be futile as the appeal could not be filed in a timely fashion. The appellant argues that he did not receive notice of the Boyle Circuit Court's decision in time to properly file an appeal.
 
 
 8
 The district court was correct in dismissing the habeas petition on the basis of failure to exhaust state remedies. In Kentucky, one may file a delayed appeal; an attack on the judgment pursuant to Kentucky Rules of Criminal Procedure 11.42 is an appropriate remedy for a frustrated right of appeal. Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883 (1966); Jones v. Commonwealth, Ky. App., 593 S.W.2d 869 (1979). Consequently, the appellant must fairly present his state habeas corpus claim to the Kentucky appellate court prior to pursuing federal habeas relief. This can be accomplished through the procedure set forth in Hammershoy, supra, and Jones, supra.
 
 
 9
 The appellant has stated that Lycans v. Commonwealth, Ky., 511 S.W. 2d 232 (1974) precludes a delayed appeal in this situation. This contention is without merit. Lycans holds that where an 11.42 motion is denied and no appeal is taken, one may not begin the process anew by filing a new 11.42 motion presenting the same issues to the trial court. The appellant's situation is different because he seeks to remedy a frustrated right of appeal via the 11.42 motion, not relitigate the merits of his state habeas corpus petition.
 
 
 10
 Accordingly, it is ORDERED that the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation