William Eugene THOMPSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 86–SC–566–TG.

Supreme Court of Kentucky.

Aug. 6, 1987.

Kevin McNally, Oleh R. Tustaniwsky, Asst. Public Advocates, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Paul W. Richwalsky, Jr., Daniel Cohen, Asst. Attys. Gen., Frankfort, John Paul Runyon, Sp. Asst. Atty. Gen., Pikeville, for appellee.

VANCE, Justice.

We have granted transfer of this case from the Court of Appeals to consider once again the proper procedure available to a defendant who has been convicted of a crime and who maintains that his right to one appeal granted by the Kentucky Constitution has been lost because he did not receive effective assistance of counsel to prosecute the appeal.

Beginning with the holding of this court that RCr 11.42 was not an appropriate remedy for a constitutional denial of the right of appeal, *McIntosh v. Commonwealth*, Ky., 368 S.W.2d 331 (1963), we then proceeded to hold that RCr 11.42 was a proper avenue for relief in such cases, in *Hammershoy v. Commonwealth*, Ky., 398 S.W.2d 883 (1966). This decision was followed by *Cleaver v. Commonwealth*, Ky., 569 S.W.2d 166 (1978), which held that RCr 11.42 did not confer jurisdiction on a trial court to reinstate a right of appeal and that a right to a belated appeal or to the reinstatement of a lapsed appeal could be granted only by the appellate court which is to entertain it. *Cleaver, supra,* was followed by *Stahl v. Commonwealth*, Ky., 613 S.W.2d 617 (1981), which tossed the ball back into the lap of the trial court by holding that a trial court cannot grant a belated appeal or reinstate a lapsed appeal, but it could, nevertheless, in a proper case, accomplish the same result by vacating the judgment and entering a new judgment from which an appeal could then be prosecuted.

We sought to clarify the seeming inconsistencies of *McIntosh, Hammershoy, Cleaver,* and *Stahl* in *Commonwealth v. Wine*, Ky., 694 S.W.2d 689 (1985). We said:

"The motion is expressly limited to use when there is a claim of entitlement to release on the ground that the *sentence* is subject to collateral attack. The *sentence* referred to is the sentence imposed by the trial court, and it follows that any collateral attack upon the sentence must necessarily relate to some deficiency in the trial proceedings before sentence or some defect in the sentence itself which renders the sentence defective on constitutional grounds.

"The frustration of an appeal due to lack of effective assistance of counsel in the appellate process would not ordinarily be considered as a defect in the sentence and would, therefore, not ordinarily warrant relief pursuant to RCr 11.42 which, by its explicit terms, requires the trial court to focus upon the propriety of its own prior rulings without regard for matters which took place after the imposition of sentence."

*Id.* at 692.

We held in *Wine* that the vacation of a judgment pursuant to RCr 11.42 followed by the entry of a new judgment from which an appeal could be taken amounted in fact to the reinstatement of an appeal or the granting of a belated appeal. We further decided to follow the rule set forth in *McIntosh* and *Cleaver* that the trial court had no authority pursuant to RCr 11.42 to grant a belated appeal or to reinstate an appeal, the proper avenue for such relief being a petition to the appellate court with jurisdiction to hear the appeal. We expressly overruled *Hammershoy* and *Stahl* to the extent that those cases authorized relief pursuant to RCr 11.42.

The crystalline waters that we expected to flow from this clarification enunciated in *Commonwealth v. Wine, supra,* were soon muddied by the unfortunate dicta contained in our opinion *Commonwealth v. Jones,* Ky., 704 S.W.2d 203 (1986). Herein, once again, this court cited *Hammershoy* and *Stahl* for the proposition that RCr 11.42 is a proper vehicle under which a trial court may vacate a judgment and enter a new

one for the purpose of permitting an appeal when the time for appeal from the original judgment has expired.

We now overrule that portion of *Commonwealth v. Jones, supra,* which indicates that a trial court may vacate a judgment and enter a new judgment for the purposes of permitting an appeal.

The appellant, Thompson, was convicted of a felony in the Pike Circuit Court and sentenced to life imprisonment in 1974. He filed a notice of appeal from the judgment of conviction but failed to timely cause the record to be filed. The Public Advocate, later in 1974, filed a motion for a belated appeal with the Court of Appeals of Kentucky. The motion was opposed by the Commonwealth on the ground that a motion in the trial court, pursuant to RCr 11.42, was required for such relief. The Court of Appeals denied the motion for belated appeal.

The appellant then, in January, 1975, filed a motion in the trial court pursuant to RCr 11.42 to vacate the judgment. By an order dated January 17, 1975, the motion was set for a hearing on February 7, 1975. Apparently no hearing was held because the record on appeal does not disclose any further action in the case for the next 11 years. The matter was then renewed when appellant filed, on May 22, 1986, a supplemental memorandum in support of the 1975 RCr 11.42 motion to vacate.

The Commonwealth opposed the motion and contended that the trial court did not have jurisdiction to hear it and that the proper forum for relief was by request to the appellate court for a belated appeal, citing *Commonwealth v. Wine, supra.*

The trial court relied upon *Wine* and dismissed the motion to vacate. Thompson appealed to the Court of Appeals, and the Commonwealth moved to transfer the case to this court. Thompson then, by a separate response, joined in the motion for transfer and requested in the alternative that he be allowed to proceed with an appeal in this court.

In *Commonwealth v. Wine, supra,* Wine had initiated his RCr 11.42 proceeding at a time when it was a proper avenue of relief under the holding in *Stahl v. Commonwealth, supra.* Although we held in *Wine* that henceforward relief in such cases could not be had pursuant to RCr 11.42, we did not dismiss Wine's RCr 11.42 proceeding and require him to start anew in the appellate court with a petition to reinstate his appeal. Instead, as a matter of judicial economy, we simply directed the Court of Appeals to reinstate his appeal on the docket and to permit the filing of briefs.

The appellant, Thompson, is in a position similar to that of Wine in that he attempted a motion for a belated appeal in the Court of Appeals subsequent to the decision of this court in *Hammershoy v. Commonwealth, supra.* The Commonwealth insisted, however, that the motion should have been filed in the trial court, and the Court of Appeals denied his motion. He then filed his motion in the trial court, and when it finally came on for hearing, the Commonwealth opposed it again, this time on the ground that *Commonwealth v. Wine, supra,* had overruled *Hammershoy* and that the proceedings should have been filed in the appellate court.

It is clear beyond cavil that if Thompson's right of appeal has been lost by the negligence of his counsel, he is entitled to relief. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). We do not propose to spin our wheels in an endless debate over which court has jurisdiction to determine the matter.

Thompson timely filed a notice of appeal. His failure to perfect the appeal in timely fashion did not affect the validity of the appeal, although it may have been grounds for dismissal of the appeal pursuant to CR 73.02(2). In fact, the appeal has never been dismissed. It is still pending.

A belated appeal is one which is granted belatedly when no appeal was commenced in a timely fashion. A reinstated appeal is one which is reinstated after it has been terminated. Because his appeal is still pending, Thompson does not need either a belated appeal nor the reinstatement of his appeal. The proper avenue of

relief is a petition to this court for an order permitting him to perfect his appeal belatedly. In his response to the motion for transfer Thompson requested this court to let him proceed with his appeal. We elect to treat this as a motion for this court to permit him to perfect the appeal belatedly.

The motion presents a factual question not heretofore determined as to whether or not his right of appeal was lost due to his failure to receive effective assistance of counsel to prosecute the appeal. There is no explanation as to why his motion to vacate judgment was permitted to lay dormant for 11 years, or whether he bears responsibility for the failure to timely perfect the appeal. This matter will be referred to the Pike Circuit Court for the purpose of a finding of fact as to whether or not Thompson's appeal has been frustrated due to failure to provide him with effective assistance of counsel to prosecute the appeal.

The judgment of the Pike Circuit Court dismissing the motion to vacate judgment is affirmed. Appellant's response to the motion to transfer this case to this court is treated as a motion to perfect the appeal belatedly. The matter is remanded to the Pike Circuit Court for a finding of fact as to whether Thompson's appeal has been frustrated due to the denial of effective assistance of counsel to prosecute the appeal.

All concur.