902 F.2d 32
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry T. BRICE, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 89-5997.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 ORDER
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Jerry T. Brice appeals the dismissal without prejudice for failure to exhaust state remedies of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Brice was convicted of possession of a forged instrument and of being a persistent felon in the Fayette County, Kentucky, Circuit Court. The convictions were affirmed by the Kentucky Court of Appeals on direct appeal, but Brice failed to move the Kentucky Supreme Court for discretionary review. A motion for post-conviction relief was denied by the trial court, the denial was affirmed by the state court of appeals, but again petitioner failed to move the Kentucky Supreme Court for discretionary review.
 Next, Brice filed his petition in the district court alleging the same claims as he asserted on direct appeal in the Kentucky Court of Appeals: (1) that his mug shot was improperly admitted into evidence at trial; and (2) that the state's handwriting expert improperly testified to his opinion that Brice gave him disguised handwriting samples. The district court concluded that Brice failed to exhaust available state remedies. On appeal, both Brice and the state argue that available state remedies have been exhausted. We agree.
 No grounds for a belated appeal to the state supreme court exist. See, e.g. Thompson v. Commonwealth, 736 S.W.2d 319, 321 (Ky.1987). Brice's right to appeal to that court was fully explained to him by letter from his appellate counsel (which Brice submitted to the district court in his objections to the magistrate's report). Brice simply defaulted his opportunity for review of his claims by that court. Therefore, Brice must "show cause for the default and prejudice resulting therefrom." See Teague v. Lane, 109 S.Ct. 1060, 1068 (1989).
 No cause or prejudice has been shown nor does it appear that Brice can show cause or prejudice. Further, even if the default is reviewed as a "deliberate bypass" under Fay v. Noia, 372 U.S. 391 (1963), Brice's claims fail because the default is directly attributable to him. See Murray v. Carrier, 477 U.S. 478, 512-13 n. 19 (1986) (Stevens, J. concurring) (citing Noia, 372 U.S. at 439). Accordingly, Brice's claims are not cognizable in habeas corpus.
 
 
 1
 Therefore, the judgment of the district court is vacated and the case is remanded for dismissal of the petition as without merit. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation