**A.M., a Child Under Eighteen, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2006–CA–000164–DG.**

Court of Appeals of Kentucky.

Feb. 16, 2007.

Gail Robinson, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General, Rickie L. Pearson, Frankfort, KY, for appellee.

Before COMBS, Chief Judge, DIXON and VANMETER, Judges.

## OPINION

DIXON, Judge.

This Court granted discretionary review of an order of the Whitley Circuit Court denying Appellant's motion for a belated appeal that was filed after the circuit court *sua sponte* dismissed Appellant's direct appeal from the district court. We now reverse and remand the matter to the trial court.

On April 29, 2004, A.M., a minor, was charged in the Whitley District Court with being a habitual truant and being beyond the control of his mother. On May 4, 2004, A.M. appeared and entered a plea of not guilty. He was thereafter placed on house arrest pending adjudication of the matter.

On May 25, 2004, counsel moved to dismiss the habitual truancy petition on jurisdictional grounds. Following a "detention hearing," the district court found A.M. in contempt and sentenced him to thirty days in detention. On June 29, 2004, A.M. was released to his mother and the remaining twenty-three days' detention was probated. However, on October 5, 2004, A.M. was again found in contempt and sentenced to two weeks in detention. Notice of appeal was thereafter tendered on October 12, 2004, and an order allowing A.M. to proceed *in forma pauperis* was entered on October 21, 2004.

A.M.'s case was assigned to attorney Thomas Collins, who mailed his entry of appearance and request for records to the court clerk on October 27, 2004. However, Collins determined that he did not have all of the tapes that he needed to proceed and that an extension of time was necessary. He thereafter drafted a request for a thirty-day extension and enlisted the assistance of an attorney in the London DPA office to file the extension motion on November 22, 2004.[1] Unbeknownst to Collins, the motion was never filed.

Collins thereafter filed his statement of appeal with the Clerk's office on December

---

1. The statement of appeal would have been due on the same day.

22, 2004. In April 2005, Collins filed a motion to substitute A.M.'s current counsel. On November 2, 2005, A.M.'s counsel filed a motion to review or reverse the district court's contempt order, on the grounds that the Commonwealth's failure to file a counterstatement should be deemed a confession of error. The Commonwealth did not file a response to the motion or appear at the hearing. Nevertheless, on November 21, 2005, the circuit court *sua sponte* dismissed A.M.'s appeal, ruling that it was not timely perfected.

On November 30, 2005, counsel filed a motion to alter or amend the order of dismissal, to grant an enlargement of time to file the statement of appeal or, alternatively, to grant a belated appeal. Again, the Commonwealth neither responded nor appeared at the hearing. The circuit court denied the motion on December 21, 2005. This Court thereafter granted discretionary review on April 13, 2006.

Both parties herein are in agreement that the Kentucky Supreme Court's decision in *Commonwealth v. Wine,* 694 S.W.2d 689 (Ky.1985), is controlling and entitles A.M. to have his appeal reinstated. The Court therein held:

> Our courts are compelled to abide by the decisions of the United States Supreme Court which has held in unmistakable terms that when a state authorizes an appeal from a conviction in a criminal case, it cannot deny an appeal to an indigent. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), held that, in a first appeal, an indigent appellant in a criminal case must be supplied with an attorney, and *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), held that due process requires an appellant in a criminal case to be provided with effective assistance of counsel. In *Evitts v. Lucey,* the United

States Supreme Court noted that states may enforce procedural rules in a criminal case with sanctions against an attorney rather than dismissing the appeal of the client.

> It seems abundantly clear from the decisions of the United States Supreme Court that State rules of procedure, however important they may be to the orderly administration of justice, cannot be allowed to frustrate an appeal of an indigent defendant who has been denied effective assistance of counsel.

> Although the law is still developing as to what constitutes ineffective assistance of counsel in the constitutional sense, **it cannot be doubted that the failure of counsel to file an appellate brief which results in the dismissal of an appeal constitutes ineffective assistance. It is as if no appeal had been taken. In such a case, the appeal must be reinstated unless the conduct of counsel has been condoned by, agreed to, or is in some way attributable to the client.**

*Wine, supra,* at 695 (Emphasis added). *See also Moore v. Commonwealth,* 199 S.W.3d 132 (Ky.2006); *Thompson v. Commonwealth,* 736 S.W.2d 319, 321 (Ky.1987) ("It is clear beyond cavil that if Thompson's right of appeal has been lost by the negligence of counsel, he is entitled to relief.").

The facts in this case are not in dispute. A.M.'s right of appeal was lost solely due to the negligence of his prior counsel. As such, he is entitled to a belated appeal.

This matter is remanded to the Whitley Circuit Court for further proceedings consistent with this opinion.

ALL CONCUR.