George H. **CLEAVER**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Supreme Court of Kentucky.

July 3, 1978.

As Modified Aug. 22, 1978.

Jack E. Farley, Public Defender, William M. Radigan, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

The present issue before this court is whether the judge of the circuit court in which the appellant was tried and convicted may enter an order reinstating his right to appeal to this court when an appeal had been dismissed by this court after considering and rejecting the same ground on which the right to reinstate it was sought.

In the instant case, the propriety of this appeal has been attacked by the Attorney General's motion and supplemental motion to dismiss, which on February 15, 1978, we denied. We have, however, determined that jurisdictional questions are involved and have sua sponte reconsidered the motions to dismiss and our order denying dismissal dated February 15, 1978.

In January, 1976, the appellant, George H. Cleaver, was tried in the Johnson Circuit Court for capital murder (KRS 507.-020(2)(b)) and robbery in the first degree (KRS 515.020). The jury returned a verdict of guilty on both counts. On February 5, 1976, a judgment was entered sentencing the appellant to life imprisonment for murder and to 20 years for robbery. The records in this court reflect that the appellant has attempted two appeals, the first is No. SC–141–MR and the second is No. SC–585–MR.

The nature and disposition of this case require a brief synopsis of the procedural steps taken by counsel for appellant in each case.

**168**

*Appeal No. SC–141–MR*

The appellant's original appeal was docketed in this court on January 19, 1977. After one motion to hold this appeal in abeyance, four motions for extensions of time in which to file the record, and three motions for extensions within which to file the appellant's brief in this court, we dismissed his appeal on September 13, 1977. Thereafter, on September 19, 1977, counsel for appellant filed a motion seeking to have this court reconsider its order of September 13, 1977, dismissing the appeal, giving as one of the grounds for relief ineffective assistance of counsel by his failure to comply with the rules of appellate procedure. After consideration, this court, on October 5, 1977, denied appellant's motion, and the appeal stood dismissed.

The appellant's appeal having been dismissed, counsel for the appellant apparently made a motion in the Johnson Circuit Court to reinstate appellant's right to a direct appeal from his former conviction, wherein he cited his own ineffective assistance as a ground for reinstatement of appellant's right to appeal. Simply put, counsel admitted that he had rendered ineffective appellate assistance to the appellant which resulted in the dismissal of the appeal by this court without any adjudication on the merits. On October 25, 1977, the Johnson Circuit Court ordered that the appellant's right to appeal be reinstated.

*Appeal No. SC–585–MR*

Counsel for appellant undertook to satisfy, for the second time, the procedural steps necessary to perfect and prosecute an appeal (SC–585–MR) from the same judgment from which he had formerly appealed (SC–141–MR). On October 31, 1977, the appellant's notice of appeal was filed, and on November 30, 1977, his statement of appeal was filed in this court. The appeal was redocketed and the appellant made a timely filing of the identical brief that he had tendered late on the first appeal. By his own admission, counsel for appellant claims he was ineffective; however, no one may doubt his tenacity.

The motion made in the Johnson Circuit Court to have the appellant's right of appeal reinstated is one made under RCr 11.-42. So that it will be perfectly clear that counsel for the appellant intended for the proceeding in the Johnson Circuit Court to be one authorized by RCr 11.42, we lift the following from his "Response to Motion to Dismiss the Appeal" filed herein on January 31, 1978:

"The issue of ineffective assistance of trial counsel has long been recognized in this Commonwealth as a valid ground for a motion under RCr 11.42. * * * This principle of ineffective assistance of counsel applies equally well to an attorney appointed to represent an individual on appeal. * * * Consequently, if a criminal appellant's right to appeal is forfeited by the critical error of appellate counsel, then that appellant has been denied the effective assistance of appellate counsel in violation of the due process clause. * * *

These were the very principles applied in the Johnson Circuit Court by Judge Hazelrigg. In the Order entered on October 25, 1977, Judge Hazelrigg specifically found that appellant's 'right to appeal * * * has not been provided to him *because of his appellate counsel's ineffective assistance;* that is, his appellate counsel failed to timely file his brief on appeal and thereby caused the Kentucky Supreme Court to dismiss his appeal.' * * *

Since the Johnson Circuit Court had jurisdiction in this matter under RCr 11.-42 and because there was a specific finding that appellant's counsel was ineffective, this appeal is properly before this Court. Consequently, appellee's motion to dismiss must be overruled."

■ Counsel for appellant argues, therefore, that the Johnson Circuit Court had jurisdiction to consider and dispose of the motion. As a matter of fact, a RCr 11.42 motion is a resumption or continuation of the criminal proceeding in which the relief is sought. *Higbee v. Thomas,* Ky., 376 S.W.2d 305 (1964). RCr 11.42 is a post-con-

viction procedural remedy that vests jurisdiction to grant relief from a prior criminal conviction. *Wilson v. Commonwealth,* Ky., 403 S.W.2d 710 (1966). This is not, however, of much consolation to the appellant.

First of all, the question of ineffective appellate assistance of counsel was first presented to this court and denied. In his proceeding before the trial judge, the appellant relied on ineffective assistance of counsel, which called for and received a ruling on the same issue that had been disposed of by this court. Amusing as it may seem, that proceeding was in effect an appeal to the Johnson Circuit Court to adjudicate an issue when that same issue already had been disposed of in this court. Appeals usually are in the reverse order. Ineffective assistance of counsel was argued to this court without avail. RCr 11.42 provides no avenue of escape from the order of this court dismissing the appeal. The ingenious argument of counsel for appellant to the contrary, if carried to its logical conclusion, would leave every order of dismissal from this court subject to judicial review by the trial court. Such cannot be the purpose, intent or result of RCr 11.42. A right to a belated appeal, or to reinstate a lapsed appeal, can be granted only by the appellate court that is to entertain it.

Secondly, RCr 11.42 does not confer jurisdiction on a circuit court to reinstate a right of appeal. A proceeding under RCr 11.42 is not primarily a motion to gain the right to appeal; it is primarily an attack on a sentence or judgment that has been entered by the trial court. In the event the grounds for a challenge of the sentence or judgment are proven and it then appears that the movant is entitled to relief, the trial court shall vacate the sentence and judgment and then discharge, resentence or grant movant a new trial, or correct the sentence or judgment, as may be appropriate. From such a proceeding either the movant or the Commonwealth may appeal. The appeal is taken from the final order or judgment entered on the RCr 11.42 motion, not from the judgment or order which is the subject of attack by the RCr 11.42 motion. *Sipple v. Commonwealth,* Ky., 384 S.W.2d 332 (1964). In the case at bar, the second appeal, as the first, was taken from the judgment of September 13, 1976.

The order of the Johnson Circuit Court dated October 25, 1977, granting the relief the appellant sought discloses that it was made pursuant to appellant's motion. The record before us does not contain a copy of the subject motion. We have taken the initiative in an attempt to locate the motion and to secure a copy. The clerk of the Johnson Circuit Court advises this court that there is no such motion on file and, as a matter of fact, that no such motion appears on the court's motion docket. In view of the court's order stating that a motion had been made and in view of the fact that no motion is on file in the office of the clerk, we can come to only one conclusion, and that is that the motion was verbal.

The procedure for obtaining relief pursuant to the provisions of RCr 11.42 must be complied with. The motion for relief must be in writing, verified by the movant, and state specifically the grounds of challenge and the facts in support thereof. In the instant case, there being no written motion, there could be no compliance with the provisions of RCr 11.42, not even a substantial compliance. It is jurisdictional that the terms and provisions of RCr 11.42 must be complied with, even though a substantial, and not an absolute, compliance is adequate. Therefore, even had RCr 11.42 been an appropriate remedy in this instance, in the absence of an appropriate motion as required by RCr 11.42, the Johnson Circuit Court would not have had the authority to enter an order granting the appellant any relief.

In view of the disposition that is being made of this appeal, we do not reach any of the issues raised by the appellant.

The order of this court dated February 15, 1978, denying the appellee's motion to dismiss the appeal is set aside and held for naught and the motion to dismiss is sua

sponte granted. This appeal is hereby dismissed.

All concur.