**Freddie Dale GREGORY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Nov. 21, 1978.

Jack E. Farley, Public Advocate, Linda K. West, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

The Grand Jury of Muhlenberg County, Kentucky, on September 10, 1973, indicted the appellant for the offense of murder. Contrary to the appellant's plea of innocence, the trial jury found him guilty as charged and fixed his punishment at life imprisonment. On September 21, 1973, judgment was pronounced and on October 2, 1973, the appellant's motion for a new trial was overruled.

On April 5, 1974, the appellant filed a statement of appeal in this court (No. 74–266), and on April 25, 1974, this court entered an order dismissing the appeal. Thereafter, the appellant returned to the Muhlenberg Circuit Court for relief. On September 9, 1976, he filed what is captioned "RCr 11.42, Motion to Reinstate Right to Appeal Conviction." Therein, he sought to have the judge of the Muhlenberg Circuit Court set aside his September 21, 1973, conviction on the grounds that he had been denied his right to a direct appeal. On September 13, 1976, the trial judge granted the relief requested and on September 17, 1976, entered what is captioned "Final Judgment." The judgment in part reads as follows: " * * * this new judgment entered on this date is only for the purpose of reinstating the defendant's right to direct appeal his conviction, and for no other purpose." A statement of appeal from this judgment was filed in this court on January 18, 1977 (No. SC–140–MR). On February 21, 1977, the appellant filed a motion for extension of time in which to file his brief, and on March 7, 1977, this motion was denied.

Again the appellant, for a second time, returned to the Muhlenberg Circuit Court for relief. On January 23, 1978, he filed in the Muhlenberg Circuit Court what is captioned "RCr 11.42, Second Motion to Reinstate Right to Appeal Conviction." On March 27, 1978, the judge of that court, for the third time, entered a "Final Judgment." In this judgment, as in the one entered on September 17, 1976, it is provided, " * * * this new judgment entered on this date is only for the purpose of reinstating the defendant's right to direct appeal of his conviction, and for no other purpose." On June 30, 1978, the appellant filed a statement of appeal in this court from the judgment of the Muhlenberg Circuit Court dated March 27, 1978 (No. 78–SC–335–MR). This case now stands submitted on briefs of counsel.

Although the question has not been raised by counsel, we have determined from our own analysis of the facts that the present appeal should be dismissed.

In *Cleaver v. Commonwealth*, Ky., 569 S.W.2d 166 (1978), we said:

" * * * RCr 11.42 does not confer jurisdiction on a circuit court to reinstate a right of appeal. A proceeding under RCr 11.42 is not primarily a motion to gain the right of appeal; it is primarily an attack on a sentence or judgment that has been entered by the trial court."

Therein we also stated, "A right to a belated appeal, or to reinstate a lapsed appeal, can be granted only by the appellate court that is to entertain it."

The Muhlenberg Circuit Court had no jurisdiction to reinstate the appellant's right to a direct appeal. That prerogative, as pointed out in *Cleaver*, was with this court. We deem it proper to call attention, however, to the fact that at the time this action was before the circuit court *Cleaver v. Commonwealth*, supra, had not been decided. The appellant has not sought to have this court grant him a belated appeal or to reinstate his right of appeal.

In view of the disposition to be made of this case, we do not reach the issues which are raised on this appeal.

This appeal is dismissed.

All concur.