**James Edward AMBURGEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 12, 1979.*

As Modified Jan. 26, 1979.

Discretionary Review Denied
April 24, 1979.

* The decision of the panel was made prior to January 1, 1979, but the opinion was not rendered until this date.

Jack Emory Farley, Public Advocate, Kevin Michael McNally, Asst. Public Defender, Com. of Kentucky, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, HOWARD and PARK, JJ.

HOWARD, Judge.

This is an appeal from the denial of a RCr 11.42 motion. The motion, brought in Fayette Circuit Court, sought to reinstate the appeal of appellant's 1976 conviction on charges of murder, rape, and sodomy. The circuit court overruled the motion noting that the Supreme Court had previously denied further time extensions in the first appeal and had dismissed the appeal. Appellant contends that he is entitled to relief under RCr 11.42 because the ineffective assistance of counsel on his first appeal caused that appeal to be dismissed without a hearing on the merits. We hold that appellant's RCr 11.42 motion was properly denied. *Cleaver v. Commonwealth*, Ky., 569 S.W.2d 166 (1978).

The background of this case is relevant to the disposition of this question. Judgment was entered on appellant's conviction on May 28, 1976. Notice of appeal to the Supreme Court was timely filed on June 4, 1976. The record on appeal was timely filed on October 4, 1976. On November 15, 1976, the Supreme Court granted the motion to substitute appellant's counsel of record. Appellant is an indigent and has been represented throughout this appeal by the Office of Public Advocacy. A motion for an extension of time within which to file the brief on appeal was granted on that day until December 13, 1976. A second motion for extension was granted on December 13 until January 12, 1977. Appellant's counsel filed three additional motions for extensions, all of which were denied. On May 18, 1977, the Supreme Court granted the Commonwealth's motion to dismiss the appeal on the ground that appellant had failed to file a brief within the proper time. The motion for a belated appeal under RCr 11.42 was brought in Fayette Circuit Court on January 24, 1978. The motion was denied without a hearing on June 20, 1978.

The Supreme Court has recently held in a similar situation that RCr 11.42 does not confer jurisdiction on a circuit court to reinstate a right of appeal where the Supreme Court had previously dismissed that appeal. *Cleaver, supra*. The Court also stated that the "right to a belated appeal, or to reinstate a lapsed appeal, can be granted only by the appellate court that is to entertain it." *Id.* at 169. The circuit court properly denied the RCr 11.42 motion because it did not have jurisdiction to reinstate appellant's appeal once the Supreme Court dismissed it.

Appellant cites *Blankenship v. Commonwealth*, Ky.App., 554 S.W.2d 898 (1977), in support of his contention that this Court should grant him a belated appeal. Blankenship's appeal from a conviction of robbery, for which he received a sentence of ten years, was dismissed by the former Court of Appeals in 1975. Blankenship then moved the trial court to grant him a belated appeal under RCr 11.42. The motion was denied and an appeal of that ruling was taken to the present Court of Appeals. The Court reversed and remanded to the trial court with directions that Blankenship be granted a belated appeal. The basis for the Court's decision was that the failure of appellant's counsel to timely file the rec-

378

ord on the original appeal rendered the process of appellate review of the case a farce and a mockery. *Id.* at 902. This decision does not change the result in the instant case. It is clear from *Cleaver, supra,* that only the appellate court which has jurisdiction to entertain an appeal in a particular action may reinstate an appeal or grant a belated appeal. *Cleaver, supra* at 169. The appeal by Amburgey was from a conviction for rape, murder and sodomy. Under the Kentucky Constitution, the Supreme Court has jurisdiction over an appeal from the conviction. Ky.Const. § 110. Therefore, only the Supreme Court has the power to grant a new appeal and that Court has previously dismissed the appeal. Blankenship, in contrast, was granted a belated appeal from a robbery conviction and sentence of ten years. The Court of Appeals had jurisdiction over that appeal and therefore had the authority to reinstate the appeal. Neither this Court nor the circuit court has the authority to reinstate appellant's appeal. *Cleaver, supra.*

The judgment of the circuit court is affirmed.

All concur.