RENDERED:  DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1387-MR

MARCELLUS PHAGAN                                  APPELLANT


                  APPEAL FROM MCCRACKEN CIRCUIT COURT
v.                  HONORABLE TIM KALTENBACH, JUDGE
                      ACTION NO. 18-CR-00109


COMMONWEALTH OF KENTUCKY                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND MAZE, JUDGES.

MAZE, JUDGE:  Marcellus Phagan appeals the denial of his motion for postconviction relief in which he alleged that his trial counsel was ineffective in failing to suppress inadmissible statements.  We affirm the decision of the McCracken Circuit Court.

Following a jury trial Mr. Phagan was convicted of rape in the second degree and sodomy in the second degree. He was sentenced to a term of twenty years' imprisonment. The Supreme Court of Kentucky affirmed these convictions in an unpublished opinion.[1] Thereafter, Mr. Phagan sought relief by filing a motion pursuant to RCr[2] 11.42 in which he alleged ineffective assistance of counsel. The trial court denied the motion on the grounds that it was unverified as required by RCr 11.42(2) and his claims were resolved on the face of the record.

RCr 11.42(2) provides that a failure to comply with its verification requirement "shall warrant a summary dismissal of the motion." "Verification" is defined as "a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d 826, 834 (Ky. 2012) (citing BLACK'S LAW DICTIONARY, 1556 (7th ed. 1999)). Substantial compliance with the requirements of RCr 11.42, including the verification requirement is necessary to vest the trial court with jurisdiction over a motion for post-conviction relief. *Cleaver v. Commonwealth*, 569 S.W.2d 166, 169 (Ky. 1978).

---

[1] *Phagan v. Commonwealth*, No. 2019-SC-0445-MR, 2021 WL 1133589 (Ky. Mar. 25, 2021).

[2] Kentucky Rules of Criminal Procedure.

Had this been the trial court's only basis for denial, we would have certainly had ample grounds to affirm. *Wells v. Commonwealth*, 512 S.W.3d 720, 722 (Ky. 2017). However, the trial court also recognized that the factual bases for Mr. Phagan's claims of ineffective assistance of counsel had been disposed of in the Kentucky Supreme Court's opinion on direct appeal affirming the judgment of the trial court. Therefore, the trial court denied his motion on the grounds that his claims were refuted by the record.

In order to prevail on a claim of ineffective assistance of counsel, a movant must meet the requisites of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted by our Supreme Court in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky.1985). The *Strickland* framework requires a movant to first show that counsel's performance was deficient and, second, if he satisfies the first prong, he must also demonstrate that counsel's deficient performance prejudiced his defense. For a specified error to result in prejudice, a movant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Mr. Phagan argued that his counsel was ineffective for failing to seek suppression of the testimony of the child victim which was used to authenticate his text messages to her. In its order denying his motion for RCr 11.42 relief, the trial

court noted that the text messages were admitted at trial only over trial counsel's objection. On direct appeal the Supreme Court held that the child's testimony, as recipient of the text message thread was sufficient for authentication purposes. *Phagan*, 2021 WL 1133589, at *3.

Mr. Phagan also argued that his counsel was ineffective for failing to suppress "the inadmissible police interview and alleged confession." The trial court's order denying his RCr 11.42 motion stated that each of the three detectives who testified at trial indicated that he was properly Mirandized[3] prior to his confession. The Supreme Court also acknowledged this testimony.

On appeal from the denial of an RCr 11.42 motion, this Court is required to presume that trial counsel's conduct was reasonable. *Commonwealth v. Bussell*, 226 S.W.3d 96, 103 (Ky. 2007). Indeed, we are to review trial counsel's performance in a "highly deferential" manner. *Brown v. Commonwealth*, 253 S.W.3d 490, 498-99 (Ky. 2008). However, Mr. Phagan has failed to demonstrate that his trial counsel's conduct was in any way deficient, much less prejudicial. Speculation as to either deficiency of performance or prejudicial result is insufficient to warrant relief pursuant to RCr 11.42. *Hodge v. Commonwealth*, 116 S.W.3d 463, 470 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 157 (Ky. 2009).

---

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Accordingly, the McCracken Circuit Court's order denying Appellant's RCr 11.42 motion is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Marcellus Phagan, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky