RENDERED: SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0077-MR

RANDALL E. BANKS                                           APPELLANT

v.

APPEAL FROM HART CIRCUIT COURT
HONORABLE JOHN DAVID SEAY, JUDGE
ACTION NO. 12-CR-00030

COMMONWEALTH OF KENTUCKY                        APPELLEE

AND

NO. 2022-CA-0079-MR

RANDALL E. BANKS                                           APPELLANT

v.

APPEAL FROM HART CIRCUIT COURT
HONORABLE JOHN DAVID SEAY, JUDGE
ACTION NO. 12-CR-00030

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND KAREM, JUDGES.

CALDWELL, JUDGE: Randall E. Banks (Banks) appeals from the trial court's order denying his motion for relief pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42. We reverse and remand for lack of jurisdiction and instruct the trial court to dismiss the RCr 11.42 motion.

**FACTS**

In 2012, Banks was indicted on over forty (40) criminal counts involving the sexual abuse of his young daughter, as well as being a persistent felony offender in the first degree. Banks insisted he was innocent, and the matter went to trial. Banks was ultimately found guilty by the jury of all counts with which they were presented: two counts of first-degree rape; three counts of first-degree sodomy; three counts of first-degree sexual abuse; and five counts of incest; and of being a first-degree persistent felony offender. He was sentenced to forty (40) years' imprisonment.

The Kentucky Supreme Court affirmed his convictions on direct appeal.[1] In 2018, retained counsel filed a motion pursuant to RCr 11.42 seeking relief from the judgment and sentence alleging ineffective assistance of trial counsel. The trial court denied the motion and it is from this order that he appeals.

---

[1] *Banks v. Commonwealth*, No. 2014-SC-000176, 2015 WL 1544294 (Ky. Apr. 2, 2015).

In his brief, he also raises complaints about the performance of post-conviction counsel who filed the RCr 11.42 motion.

## STANDARD OF REVIEW

The denial of an RCr 11.42 motion is reviewed on appeal for an abuse of the trial court's discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). Abuse of discretion has been defined as being arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

To succeed on a claim for ineffective assistance of counsel, one must meet the dual prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984), and by the Kentucky Supreme Court in *Gall v. Commonwealth*, 702 S.W.2d 37, 43 (Ky. 1985).

First, a defendant must put on a showing that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064. Judicial scrutiny "must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. Competent and effective assistance is reflected in differing choices, especially regarding strategic decisions informed by "reasonable investigations." *Id*. at 690-91, 104 S. Ct. at 2066.

Once deficient performance has been established, a defendant must show prejudice; *i.e.*, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. In other words, not only must the litigant prove that counsel was ineffective, but that the ineffectiveness caused an outcome that would not have occurred but for the ineffectiveness.

## ANALYSIS

We must note that Banks' RCr 11.42 motion filed in the trial court was not verified by him and was filed by retained counsel of his choosing.

RCr 11.42 requires verification of the allegations made therein:

(2) The motion shall be signed and verified by the movant and shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds. Failure to comply with this section shall warrant a summary dismissal of the motion.

We particularly call attention to the last sentence, which requires dismissal for failure to comply with the dictates of the section. We hold that an unverified motion cannot be properly addressed by a trial court and dismissal is required because the failure to comply with the dictates of the section results in a failure to grant jurisdiction to the trial court, and therefore the trial court has no authority to even consider the merits of the motion.

In *Cleaver v. Commonwealth*, the Kentucky Supreme Court made it abundantly clear that compliance is necessary before jurisdiction is conferred once again on the trial court.  569 S.W.2d 166 (Ky. 1978).

> The procedure for obtaining relief pursuant to the *provisions of RCr 11.42 must be complied with*.  The motion for relief *must be in writing, verified by the movant, and state specifically the grounds of challenge* and the facts in support thereof.  In the instant case, there being no written motion, there could be no compliance with the provisions of RCr 11.42, not even a substantial compliance.  *It is jurisdictional that the terms and provisions of RCr 11.42 must be complied with, even though a substantial, and not an absolute, compliance is adequate*.  Therefore, even had RCr 11.42 been an appropriate remedy in this instance, *in the absence of an appropriate motion as required by RCr 11.42, the Johnson Circuit Court would not have had the authority to enter an order granting the appellant any relief*.

569 S.W.2d at 169 (emphasis added).

This Court has allowed for "substantial compliance" to be sufficient to confer jurisdiction on the trial court, which usually would lose jurisdiction over the concluded criminal prosecution ten (10) days after the entry of the judgment, when the criminal accused was acting *pro se* in filing a RCr 11.42 motion.  *Bowling v. Commonwealth*, 964 S.W.2d 803, 804 (Ky. 1998).  "Substantial compliance" is a matter of grace allowed for those proceeding without counsel, but *pro se* pleadings at least provide that the factual assertions contained in the unverified motion were

forwarded by a person with personal knowledge of those facts, rather than through counsel who would not have such personal knowledge.[2]

Further, we cannot review Banks' complaints about his original post-conviction counsel for two reasons. First, these allegations of error were not first presented to the trial court. An issue must first be presented to the trial court before presenting the trial court's determination as erroneous to an appellate court. "This issue was not raised in Bowling's RCr 11.42 motion and, therefore, is not properly before this Court. *See West v. Commonwealth*, Ky., 780 S.W.2d 600, 602 (1989), *cert. denied*, 518 U.S. 1027, 116 S. Ct. 2569, 135 L. Ed. 2d 1086 (1996). The issue will not be considered or discussed further." *Bowling v. Commonwealth*, 80 S.W.3d 405, 419 (Ky. 2002).

Second, even if the complaints about his prior post-conviction counsel had been presented to the trial court, there has been no recognition of the right to ineffective assistance of post-conviction counsel in Kentucky. We will not do so now.

> Notwithstanding the procedural deficiency, Appellant's argument is without merit. In *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566, 115 L. Ed. 2d 640 (1991), the United States Supreme Court held that "[t]here is no constitutional right to an

---

[2] It is axiomatic that an attorney filing an RCr 11.42 motion for a client would forward complaints about the performance of former counsel and would not have any personal knowledge of the performance of counsel as he or she was not involved in the matter at the time former counsel was acting.

> attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (citations omitted); *See also Murray v. Giarratano*, 492 U.S. 1, 109 S. Ct. 2765, 106 L. Ed. 2d 1 (1989).

*Bowling v. Commonwealth*, 981 S.W.2d 545, 552 (Ky. 1998).

## CONCLUSION

In conclusion, the fact that Banks verified no document – no motion, no memorandum – which contained factual allegations of which he and he alone would have knowledge (what his former attorney said, discussions concerning evidence, *etc.*) such failure to verify is fatal and jurisdiction was not conferred upon the trial court. Further, we cannot review any allegations of error Banks has attributed to his prior post-conviction counsel.

We reverse the trial court's order denying relief on the merits and remand this matter back to the trial court to enter an order dismissing the motion for lack of jurisdiction.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Ryan Chailland
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky