RENDERED: JUNE 20, 2025
TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0481-MR

GLENN A. PEELER, JR.                                        APPELLANT

V.                       ON APPEAL FROM COURT OF APPEALS
NO. 2023-CA-0247
HARDIN CIRCUIT COURT NO. 11-CR-00114

HON. JOHN D. SIMCOE, JUDGE, HARDIN               APPELLEE
CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY             REAL PARTY IN INTEREST

**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>AFFIRMING</u>**

Glenn A. Peeler, Jr. appeals the denial of his petition for a writ of mandamus by the Court of Appeals. Peeler seeks reversal of the decision of the Court of Appeals and requests that this Court remand with instructions directing the Hardin Circuit Court to enter a *nunc pro tunc* order that summarily dismisses his Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion, notices him that it is deficient, allows him an opportunity to correct the deficiency, and appoints him counsel. Peeler avers that because his 2013 RCr 11.42 motion lacked proper verification pursuant to RCr 11.42(2), the trial court lacked jurisdiction to enter a ruling denying the motion on the merits. Because Peeler has waived any issues related to jurisdiction and had an

adequate remedy by appeal, we affirm the Court of Appeals and deny Peeler's request for a writ of mandamus.

## I. BACKGROUND

In April 2012, Peeler was convicted of two counts of complicity to commit robbery and of being a persistent felony offender. Peeler was sentenced to twenty-two (22) years' imprisonment. On direct appeal, this Court affirmed Peeler's convictions and sentence.

On August 21, 2013, Peeler filed a *pro se* motion to vacate, set aside or correct sentence pursuant to RCr 11.42 due to alleged ineffective assistance of counsel at trial. In his motion, Peeler requested an evidentiary hearing on the matter and asked that the trial court "appoint Counsel to help Supplement the 11.42 Motion with Case Laws, Court Records and Video Logs." The motion did not contain the proper verification pursuant to RCR 11.42(2).

In October 2013, the trial court denied Peeler's motion. In its order entered March 28, 2014, the trial court discussed the underlying merits of the motion and stated, "The record, as it is, in this case is sufficient for the Court to rule and no further hearing is required. The Defendant has failed to allege any ground generating a basis for relief under RCr 11.42." The trial court did not address the lack of verification pursuant to RCr 11.42(2). Peeler appealed this ruling to the Court of Appeals, which then dismissed it as untimely.

In August 2016, Peeler filed a second motion under RCr 11.42 "and/or" Kentucky Rule of Civil Procedure ("CR") 60.02 again alleging ineffective assistance of counsel. This motion contained the proper verification pursuant

2

to RCr 11.42. In January 2017, the trial court denied the motion, ruling that the motion was successive and, therefore, "procedurally barred from [its] consideration." In October 2018, the Court of Appeals affirmed the trial court's denial of the motion.

In December 2019, Peeler filed a *pro se* motion under CR 60.02(e). In it, he alleged that because his first RCr 11.42 motion in 2013 was filed without the proper verification pursuant to RCr 11.42(2), the trial court lacked jurisdiction to rule on that motion. As a result, Peeler claimed that the trial court's order denying his 2013 RCr 11.42 motion was void, as were any subsequent actions, and that a reinstatement of his right to use RCr 11.42 to challenge his conviction was necessary. On April 9, 2020, the trial court denied the motion, noting that it had "no basis in law or fact[.]" The Court of Appeals affirmed the denial of the motion, holding that:

> [T]he procedural issue of Peeler's failure to verify his 2013 RCr 11.42 motion fits squarely within the realm of particular-case jurisdiction. However, Peeler's failure to raise his current jurisdictional challenge for six years and his subsequent attempt at filing another 2016 RCr 11.42 motion demonstrate a waiver of any alleged lack of particular-case jurisdiction . . . Peeler's own waiver of any alleged lack of particular-case jurisdiction disqualifies him from [CR 60.02] relief.

*Peeler v. Commonwealth*, No. 2020-CA-0656-MR, 2021 WL 2484034, at \*2 (Ky. App. June 18, 2021).

Peeler thereafter filed this petition for a writ of mandamus in the Court of Appeals. The petition pertains to the filing of the 2013 RCr 11.42 motion. In his petition, Peeler alleged that the language of RCr 11.42:

> barred the [trial court] from exercising authority over Peeler's deficient post-conviction pleading excepting in one of two

3

exceptions: 1) provide notice of and an opportunity to correct the deficiencies, or 2) appoint post-conviction counsel to assist Peeler in the proper presentation of his post-conviction pleading and claims – it did neither and *sua sponte* denied his motion.

To remedy this alleged violation, Peeler requested that the Court of Appeals enter a *nunc pro tunc* order which summarily dismisses his 2013 RCr 11.42 motion, notices him that it is deficient, allows him an opportunity to correct the deficiency, and appoints him counsel.

The Court of Appeals denied Peeler's petition, holding that: (1) Peeler had an adequate remedy by appeal of the order denying his 2013 RCr 11.42 motion, and (2) the issue presented as the basis for the petition was already resolved in its 2021 adjudication of Peeler's CR 60.02(e) appeal.

On appeal to this Court, Peeler now alleges that the Court of Appeals abused its discretion in denying his petition for a writ of mandamus.

## II. ANALYSIS

On direct appeal from the Court of Appeals in a writ case, the role of this Court is to "review the Court of Appeals' legal rulings *de novo*, its factual findings for clear error, and ultimately its decision to grant or deny extraordinary relief for abuse of discretion." *Commonwealth, Energy & Env't Cabinet v. Shepherd*, 366 S.W.3d 1, 4 (Ky. 2012) (citing *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803 (Ky. 2004)). The test for an abuse of discretion is whether the decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007) (citing *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000)).

As we have consistently reiterated, "the writs of prohibition and mandamus are extraordinary in nature, and the courts of this Commonwealth 'have always been cautious and conservative both in entertaining petitions for and in granting such relief.'" *Ky. Emps. Mut. Ins. v. Coleman,* 236 S.W.3d 9, 12 (Ky. 2007) (*quoting Bender v. Eaton,* 343 S.W.2d 799, 800 (Ky.1961)). The standard for the issuance of an extraordinary writ is set forth in this Court's decision in *Hoskins v. Maricle*:

> A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

150 S.W.3d 1, 10 (Ky. 2004). Under this standard, there are in essence two classes or categories of writ action: those where the trial court is alleged to be acting outside its jurisdiction and those where the trial court is acting within its jurisdiction but is alleged to be acting erroneously.

Peeler does not explicitly request consideration of this petition under either class. Instead, he first argues that an unverified motion cannot be properly addressed by a trial court and that his failure to comply with the dictates of RCr 11.42(2) deprived the trial court of jurisdiction. As a result, Peeler contends that the trial court had no authority to even consider the merits of his 2013 RCr 11.42 motion. We perceive this to be a request under the conditions of the first class of writs.

> The first class of writs focuses on the lower court's authority to act in the case, or jurisdiction. Since the jurisdiction of each level of

5

court is clearly established, either by the Constitution, statute, or rule, petitions alleging this ground are resolved by legal interpretation of the provisions granting jurisdiction.

*Cox v. Braden,* 266 S.W.3d 792, 796 (Ky. 2008). "Jurisdiction" in connection with the first class of writs "means jurisdiction of the subject matter," *i.e.*, its authority to address the matter or question before it. *Commonwealth v. Eckerle,* 470 S.W.3d 712, 721 (Ky. 2015) (quoting *Watson v. Humphrey,* 170 S.W.2d 865 (Ky. 1943)). Importantly, even where this Court determines that the trial court was acting outside its jurisdiction, the decision of whether to grant a writ is "always discretionary." *Hoskins,* 150 S.W.3d at 9.

Subject-matter jurisdiction concerns "the court's power to hear and rule on a particular type of controversy." *Nordike v. Nordike,* 231 S.W.3d 733, 737 (Ky. 2007). An alleged lack of subject-matter jurisdiction is one of those issues that "may be raised at any time, even by the court itself." *Coleman,* 236 S.W.3d at 15. It "cannot be consented to, agreed to, or waived by the parties." *Gaither v. Commonwealth,* 963 S.W.2d 621, 622 (Ky. 1997). "Whether a court has subject-matter jurisdiction is determined at the beginning of a case, based on the type of case presented. General subject-matter jurisdiction should be determinable from the face of the charging document (the indictment) or other initial pleading (the complaint)." *Commonwealth v. Steadman,* 411 S.W.3d 717, 722 (Ky. 2013). Thus, a court "will retain jurisdiction over such a case so long as jurisdiction was proper in the first place." *Leonard v. Commonwealth,* 279 S.W.3d 151, 156 (Ky. 2009); *see also Commonwealth v. Adkins,* 29 S.W.3d 793, 795 (Ky. 2000) (citations omitted) ("There is a presumption against divesting a

court of its jurisdiction once it has properly attached, and any doubt is resolved in favor of retaining jurisdiction.").

The Kentucky Constitution dictates the subject-matter jurisdiction of the circuit courts: "The Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court." KY. CONST. § 112(5). Therefore, circuit courts maintain general subject-matter jurisdiction over felony prosecutions and subsequent post-conviction motions such as Peeler's initial 2013 RCr 11.42 motion. *See Steadman*, 411 S.W.3d at 722 ("That leaves felony prosecutions within the jurisdiction of the circuit court. And when a court has jurisdiction over a felony prosecution, it also has subject-matter jurisdiction over restitution related to the crime."); *see also Cleaver v. Commonwealth*, 569 S.W.2d 166, 168 (Ky. 1978) ("As a matter of fact, a RCr 11.42 motion is a resumption or continuation of the criminal proceeding in which the relief is sought."). In turn, here it is clear that the circuit court had general subject-matter jurisdiction to adjudicate Peeler's RCr 11.42 motion.

However, there is a difference between general subject-matter jurisdiction and jurisdiction over a particular case. *Steadman*, 411 S.W.3d at 722. Peeler alleges the trial court lacked jurisdiction to rule on his 2013 RCr 11.42 motion because it did not comply with the verification requirement under RCr 11.42(2). Particular-case jurisdiction is a type of subject-matter jurisdiction wherein the trial court has "jurisdiction over the particular case at issue, which refers to the authority and power of the court to decide a specific case, rather than the class of cases over which the court has subject-matter jurisdiction." *Milby v.*

7

*Wright,* 952 S.W.2d 202, 205 (Ky. 1997). "This kind of jurisdiction often turns solely on proof of certain compliance with statutory requirements and so-called jurisdictional facts, such as that an action was begun before a limitations period expired." *Nordike,* 231 S.W.3d at 738. In summary, it has been "our frequent holding that errors in the procedural invocation of a court's jurisdiction relate to particular-case jurisdiction, not general subject-matter jurisdiction[.]" *Steadman,* 411 S.W.3d at 723. We explained an illustration of this rule in *Milby v. Wright,* wherein we stated:

> An apt example of this type of jurisdiction would be the instance of the filing of a notice of appeal in a civil case on the thirty-second day after the trial court entered judgment. The Court of Appeals has the authority to decide civil appeals in general, but lacks the power to adjudicate a case filed too late.

952 S.W.2d at 205.

Here, Peeler's allegation regarding his unverified motion concerns a procedural mechanism contained in RCr 11.42 and thus relates to whether the trial court had jurisdiction over the particular case. A major difference between general subject matter jurisdiction and particular case jurisdiction is that particular case jurisdiction may be waived. *Steadman,* 411 S.W.3d at 724. "[W]here a court has general jurisdiction of the subject matter, a lack of jurisdiction of the particular case, as dependent upon the existence of particular facts, may be waived." *Collins v. Duff,* 283 S.W.2d 179, 182 (Ky. 1955). In a variety of cases, we have held that challenging particular-case jurisdiction for the first time at the Court of Appeals or this Court, but not at the circuit court, constitutes waiver. *Steadman,* 411 S.W.3d at 724-25; *Kelly v.*

8

*Commonwealth*, 554 S.W.3d 854, 861 (Ky. 2018); *Commonwealth v. B.H.*, 548 S.W.3d 238, 245 (Ky. 2018).

It is unclear whether Peeler first raised the question of jurisdiction in this case in his initial appeal of the RCr 11.42 denial to the Court of Appeals. Regardless, it is evident the issue was not raised before the trial court in a timely fashion. As a result, Peeler has waived this issue, and he is not entitled to a writ on jurisdictional grounds.

Notwithstanding the alleged procedural deficiency, Peeler's argument is still without merit. In *Cleaver v. Commonwealth*, this Court addressed the necessity for compliance with RCr 11.42 and its impact on the trial court's jurisdiction:

> The procedure for obtaining relief pursuant to the provisions of RCr 11.42 must be complied with. The motion for relief must be in writing, verified by the movant, and state specifically the grounds of challenge and the facts in support thereof. In the instant case, there being no written motion, there could be no compliance with the provisions of RCr 11.42, not even a substantial compliance. It is jurisdictional that the terms and provisions of RCr 11.42 must be complied with, *even though a substantial, and not an absolute, compliance is adequate.*

569 S.W.2d at 169 (emphasis added). Our decision in *Cleaver* illustrates that this Court has allowed for "substantial compliance" to be sufficient to confer jurisdiction on the trial court, especially in a case such as this where the accused was acting *pro se* in filing a RCr 11.42 motion. Consequently, Peeler cannot claim that the trial court lacked jurisdiction to rule on his 2013 RCr 11.42 motion.

9

In the alternative, Peeler implicitly alleges that the Court of Appeals abused its discretion in failing to enter a writ under the second class of writs. "The second class of writs applies where the lower court has jurisdiction but is alleged to be proceeding erroneously. Writs are available in such cases only where there is no remedy by appeal, and great injustice and irreparable injury is sure to result from the lower court proceeding." *Cox*, 266 S.W.3d at 796. As for whether he had an adequate remedy by appeal, Peeler concedes that he failed to timely file a notice of appeal on his 2013 RCr 11.42 motion. The Court of Appeals subsequently denied his motion for a belated appeal. As a result, Peeler's appeal was dismissed as untimely. Peeler's admission here is detrimental to his case, as it confirms he clearly had an adequate remedy by appeal.

Peeler thereafter cites *McDaniel v. Commonwealth*, 495 S.W.3d 115 (Ky. 2016) for the proposition he suffered a great injustice because regardless of the contents of the motion and its caption, the trial court should have characterized his 2013 RCr 11.42 motion as "an initial or placeholder 11.42, notified him of the denial of counsel, and given him an opportunity to fully develop his motion and a memorandum of law before issuing a ruling on the merits." However, because Peeler has failed to meet the first requirement of demonstrating that he had no adequate remedy by appeal, we need not examine whether he suffered great and irreparable injury. *Bender*, 343 S.W.2d at 801 ("After passing test (a) the proper procedural method is to apply test (b) to determine whether or not the petitioner, even though lacking an alternate

10

adequate remedy, will suffer great and irreparable injury."). Because Peeler has failed to meet the standards set forth in *Hoskins*, we agree with the Court of Appeals and hold that he is not entitled to a writ of mandamus. 150 S.W.3d at 10.

## III. CONCLUSION

For the aforementioned reasons, we affirm the Court of Appeals and deny Peeler's petition for a writ of mandamus.

All sitting. Lambert, C.J.; Bisig, Conley, Goodwine, and Nickell, JJ., concur. Thompson, J., concurs in result only.

COUNSEL FOR APPELLANT:

Glenn A. Peeler, Jr.
Pro Se

APPELLEE:

Hon. John David Simcoe, Judge
Hardin Circuit Court

COUNSEL FOR REAL PARTY IN INTEREST:

Russell M. Coleman
Kentucky Attorney General

Christopher Henry
Assistant Attorney General